THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JAIME BATISTA MALDONADO, Defendant and Appellant.

No. CR-70-110.     Decided October 24, 1972.

*Santos P. Amadeo, Enrique Calderón,* and *Manuel García Marrero* for appellant. *Gilberto Gierbolini, Solicitor General,*

*Américo Serra* and *Jorge Ríos Torres, Assistant Solicitors General,* for The People.

PER CURIAM: Appellant was convicted by a jury of the offense of grand larceny through a vote of nine to three. On appeal he assigns the four errors which we will mention hereinafter:

■ As first assignment he alleges that the judgment is void because the verdict of the jury was not unanimous. This contention has been repeatedly decided by this Court in an adverse manner to appellant. See *People v. Santos Sotomayor Rodríguez,* Cr. 71-71, judgment of October 11, 1972 and case law cited therein. See also, *People v. Hernández Soto,* 99 P.R.R. 746 (1971); *Fournier v. Warden,* 80 P.R.R. 254 (1968); *People v. Robles,* Cr. 71-2, judgment of October 18, 1971; *People v. Delgado Lafuente,* 97 P.R.R. 260 (1969). The first error assigned was not committed.

■ The second assignment challenges the sufficiency of the evidence. This contention lacks merit. It suffices to read the transcript of the evidence to find that the verdict is grounded on sufficient evidence. Obviously the jury did not give credit to the rather evasive and unlikely testimony of the defendant and it gave credit to the evidence for the prosecution.

In the third assignment it is alleged that the judgment is void because a presumption which violates the due process of law was applied in the case, and in the fourth assignment it is argued that the judgment is void because said presumption has not been enacted by the Legislature or through an amendment of the Rules of Criminal Procedure of Puerto Rico. Since these last two assignments are related one with the other we will discuss them together.

■ This case deals with the theft of a motor vehicle. The vehicle—a Chevrolet light truck—was stolen from the carport of the house of its owner during the night of May 18, 1969

or at dawn of the following day. Its owner having left it there the night of the 18th it was not in said place in the morning of the 19th. Later on the vehicle was found abandoned and dismantled in another place. They had taken out the battery, the five tires, four magnesium rims, the interior carpets, and other accessories. Several days later the owner of the vehicle noticed that a Chevrolet automobile which was parked in a gasoline station had the aforementioned pneumatic tires and rims which had been stolen from him. As it appears from the transcript of the evidence the person who had them in his possession could not give a satisfactory explanation of said possession. The jury was charged in the sense that the mere possession of the stolen objects is not by itself sufficient to support a conviction for the offense of larceny but that in the absence of direct evidence as to the act of illegal taking, the possession by the defendant of the recently stolen property together with other circumstances justify that the question be submitted to the jury for the final determination with regard to the criminal liability. It was also charged in the sense that in the event that the jury had a reasonable doubt with regard to defendant's guilt, then the verdict should be not guilty.

An identical contention was decided adversely to appellant in *People* v. *Gagot Mangual*, 96 P.R.R. 611, 614 (1968). There we said:

"The last three errors refer to the sufficiency of the evidence and to the challenge of what is qualified as a 'presumption', that which refers to the possession of stolen objects. We have repeatedly held that the possession of stolen objects, not satisfactorily explained, tends to establish defendant's guilt, and that this fact, coupled with other circumstances of the case, may warrant his conviction. *People* v. *Rodríguez*, 91 P.R.R. 150 (1964) and cases cited therein. It is not a question, however, of a 'presumption' as appellant affirms, it is a permissible inference from the facts established, *cf. People* v. *Vélez Matos*, 90 P.R.R. 9, 14 (1964)."

Appellant adduces an historic argument which has no validity. He indicates that said presumption is one of the English common law and that it has no legal effectiveness in Puerto Rico because the said English common law does not govern here.

■ Though it is true that this is a civil law jurisdiction and that the common law does not govern here, *García Mercado* v. *Superior Court*, 99 P.R.R. 287, 290 (1970); *Widow of Fornaris* v. *American Surety Co. of N.Y.*, 93 P.R.R. 28, 46 (1966), nothing prevents us from adopting views, rules or reasonings of that law, or of any other, when in our opinion, they are rational, just, and convenient.

■ In addition to the foregoing, it is proper to point out also that since 1907, we have applied by analogy certain rules of the Law of Evidence to criminal cases. *The People* v. *Rivera*, 12 P.R.R. 386, 395 (1907). The rule which is challenged here is an inference which may be made or inferred from indirect evidence and it is thus authorized by § 10 of our Law of Evidence, 32 L.P.R.A. § 1630. The presumption to the effect that every rule or construction of procedural law has to be incorporated to our law through the Legislature or by express amendment of our Rules of Procedure is absurd. From time immemorial the Supreme Courts have been acknowledged the power to construe and apply laws and to produce doctrines or judicial rules when this is necessary or essential to fill the gaps of the laws.

For a relation of authorities in cases where the defendants' conviction was sustained, although there was no direct evidence, because the defendants were unable to account satisfactorily for the possession of the articles stolen, and that factor, with the other circumstances, justified the conviction, see *People* v. *Rodríguez*, 91 P.R.R. 150, 155 (1964).

The errors set forth in assignments three and four were not committed either.

The judgment appealed from in the instant case will be affirmed.